IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD CHANEY, III, | ) | |
| Plaintiff, | ) | Civil Action No. 14-39Erie |
| | ) | |
| v. | ) | |
| | ) | |
| PATRICIA LIGHTNER, et al, | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

# MEMORANDUM OPINION AND ORDER[1]

**M.J. Susan Paradise Baxter**

This civil action was filed in this Court on February 10, 2014. Plaintiff, acting *pro se*, brought this civil rights action alleging that Defendants Patricia Lightner and Greg Moore violated his constitutional rights. Plaintiff's *pro se* complaint reads, **in its entirety**:

> On 8-15-13 I was placed in the Erie County Prison on new charges and a state detainer was place on me the state agent (Greg Moore) failed to report to the prisons with accusation papers by doing so the parole agent has denied me a chance to have a detention hearing to see if the detainer has merit violating my due process.

ECF No. 4. As relief, Plaintiff seeks two million dollars in compensatory damages. Id.

In response to the Complaint, Defendants filed a motion to dismiss arguing solely that Plaintiff's claims are barred by the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that

---
[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.

1

"the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 487. Thus, a court faced with a suit for damages under § 1983 must first "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his ... sentence." Id. If so, the complaint must be dismissed "unless the plaintiff can demonstrate that the ... sentence has already been invalidated." Id.

In opposition to the motion to dismiss, Plaintiff filed a detailed opposition brief. ECF No. 12. In his brief, Plaintiff argues the Heck decision does not apply to this case and he significantly expands on the sparse factual allegations contained in the Complaint. Plaintiff reasons that he is alleging that his constitutional rights to due process were violated as a result of improper procedures. Furthermore, Plaintiff explains that the hearing examiner ruled that the Parole Board could not place a permanent detainer against him and dismissed the technical parole violations against him.[2]

Plaintiff is a *pro se* litigant, and as such, this Court must liberally construe his filings. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972) (*pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers.").[3] In the interests of fairness and judicial economy, this Court will allow Plaintiff to file an Amended

---

[2] Defendants have not filed any reply to Plaintiff's opposition brief.

[3] If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex. rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) ("[W]e should recognize that a habeas corpus petition prepared by a prisoner without the aid of counsel may be inartfully drawn and should therefore be read 'with a measure of tolerance.'").

Complaint to make the factual allegations underlying the arguments made in his opposition brief and Defendants will be given the opportunity to file a motion to dismiss and/or motion for summary judgment in response to the Amended Complaint. See Fed. R.Civ. P. 15(a)(2) (stating that "the court should freely give leave when justice so requires." ).

Plaintiff is reminded that the Amended Complaint "must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F.Supp. 1185, 1198 (M.D. Pa. 1992). The Amended Complaint must provide a "simple, concise, and direct" statement of the facts upon which the claim is based as required by the Rules of Civil Procedure. See Fed.R.Civ.P. 8.

Furthermore, the caption of the Amended Complaint must contain all named Defendants. See Fed.R.Civ.P. 10(a). The Amended Complaint must include all the claims against all the Defendants, fully explaining which Defendant took what action and when that action was taken. See generally In re Suprema Specialties, Inc. Sec. Litig., 438 F.3d 256, 276-77 (3d Cir. 2006) (a plaintiff must assert all the essential factual background that would accompany "the first paragraph of any newspaper story – that is, the 'who, what, when, where and how; of the event at issue.").

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD CHANEY, III, | ) | |
| Plaintiff, | ) | Civil Action No. 14-39Erie |
| | ) | |
| v. | ) | |
| | ) | |
| PATRICIA LIGHTNER, et al, | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

**O R D E R**

AND NOW, this 11th day of December, 2014;

IT IS HEREBY ORDERED that Plaintiff file an Amended Complaint, in accordance with the instructions herein, before January 15, 2015. Failure to comply with this Order may result in the dismissal of this action for failure to prosecute.

IT IS FURTHER ORDERED that the motion to dismiss [ECF No. 8] be DISMISSED AS MOOT in light of the Order directing that Plaintiff file an Amended Complaint. Following the filing of the Amended Complaint, Defendants will be given the opportunity to file a dispositive motion.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge