## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONALD CHANEY,** | ) | |
| **Plaintiff** | ) | |
| | ) | **C.A.No. 14-39ERIE** |
| **vs.** | ) | |
| | ) | |
| **PATRICIA LIGHTNER, et al,** | ) | **Magistrate Judge Baxter** |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Magistrate Judge Susan Paradise Baxter[1]

**Relevant Procedural History**

Plaintiff, acting *pro se*, initiated this civil rights action on February 10, 2014.  As

Defendants to this action, Plaintiff originally named: Patricia Lightner and Greg Moore of the

Pennsylvania Board of Probation and Parole. Plaintiff's *pro se* complaint read, **in its entirety**:

> On 8-15-13 I was placed in the Erie County Prison on new charges and a state
> detainer was place on me the state agent (Greg Moore) failed to report to the
> prisons with accusation papers by doing so the parole agent has denied me a
> chance to have a detention hearing to see if the detainer has merit violating my
> due process.

ECF No. 4. As relief, Plaintiff sought two million dollars in compensatory damages. Id.

In response to the Complaint, Defendants filed a motion to dismiss arguing solely that

Plaintiff's claims were barred by the Supreme Court's holding in Heck v. Humphrey, 512 U.S.

---

[1]  In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily
consented to have a United States Magistrate Judge conduct proceedings in this case, including
the entry of a final judgment.

477 (1994).  In opposition to the motion to dismiss, Plaintiff filed a detailed opposition brief. ECF No. 12. In his brief, Plaintiff argued the <u>Heck</u> decision does not apply to this case and he significantly expanded on the sparse factual allegations contained in the Complaint. Due to his status as a *pro se* litigant, and in the interests of fairness and judicial economy, this Court allowed Plaintiff to file an Amended Complaint to plead the factual allegations underlying the arguments made in his opposition brief.  ECF No. 14. Defendants' motion to dismiss was dismissed as moot.

On January 30, 2015, Plaintiff filed an Amended Complaint naming Lightner, Moore, and the Pennsylvania Board of Probation and Parole itself. ECF No. 17. Despite Plaintiff's expansion of his factual allegations in his opposition brief, Plaintiff's Amended Complaint is limited to two sentences. The factual allegations read:

> "On 8-15-13 I was placed in the Erie County on new charges and a state detainer was placed on me. The state agent Greg Moore failed to report to the prison with accusation papers [sic] by doing so violates my right to due process."

ECF No. 17, page 2. As relief, Plaintiff seeks unspecified monetary compensation for an unspecified amount of "time spent in prison." <u>Id</u>. at 3.

In response to the Amended Complaint, Defendants have filed a motion to dismiss. ECF No. 18. Despite being ordered to file an opposition to the pending motion (<u>see</u> ECF No. 20), Plaintiff has not filed any response to Defendants' dispositive motion. This matter is ripe for disposition by this Court.

**Standards of Review**

## 1) *Pro se* litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("[W]e should recognize that a habeas corpus petition prepared by a prisoner without the aid of counsel may be inartfully drawn and should therefore be read 'with a measure of tolerance.'"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997), overruled on other grounds by Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

## 2) Motion to dismiss pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint

must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

4

The Third Circuit has expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).


**Defendants' Motion to Dismiss**

Defendants move to dismiss Plaintiff's Amended Complaint on the basis of the favorable termination requirement of Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. Despite the filing of an amended pleading, Plaintiff has not pled any facts indicating that the decision to incarcerate him at Erie County Prison in August of 2013 has been reversed, expunged, declared invalid or called into question.

"A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 487. Thus, a court faced with a suit for damages under § 1983 must first "consider whether a judgment in favor of the plaintiff would

necessarily imply the invalidity of his ... sentence." Id. If so, the complaint must be dismissed "unless the plaintiff can demonstrate that the ... sentence has already been invalidated." Id.

More recently in Wilkinson, the Supreme Court explained that "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

To grant Plaintiff's requested relief for monetary damages under § 1983 would necessarily invalidate Plaintiff's incarceration. See Williams v. Consovoy, 453 F.3d 173 (3d Cir. 2006) (applying Heck to parole revocation decisions). Accordingly, Plaintiff is precluded from attacking it through § 1983. Even if Plaintiff was re-released on parole, the Heck rule still applies. Id. at 177–78 (recognizing that Heck's favorable termination rule applies to all § 1983 plaintiffs, not just those in state custody). Accordingly, the motion to dismiss will be granted.

In that Plaintiff has already had the opportunity to amend his complaint (and has failed to file an opposition to the current motion to dismiss), further amendment of the complaint in order to attempt to overcome the favorable termination requirement of Heck should be denied based upon the prejudice to this Defendant.

An appropriate order will be entered.


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge


Dated: August 13, 2015

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONALD CHANEY,** | ) | |
| **Plaintiff** | ) | |
| | ) | **C.A.No. 14-39ERIE** |
| **vs.** | ) | |
| | ) | |
| **PATRICIA LIGHTNER, et al,** | ) | **Magistrate Judge Baxter** |
| **Defendants.** | ) | |

# O R D E R

AND NOW, this 13th day of August, 2015;

IT IS HEREBY ORDERED that Defendants' motion to dismiss [ECF No. 18] is

GRANTED. Judgment is granted in favor of Defendants. The Clerk of Courts is directed to close

this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge